# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **POCONO MOUNTAIN REGIONAL POLICE DEPARTMENT** <br> 2454 PA-940, <br> Pocono Summit, Pa 18346 <br>        **Plaintiff** | : <br> : <br> : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| **V.** | : <br> : | |
| **MERIPLEX SOLUTIONS LLC** <br> PO Box 737650 <br> Dallas, TX 75373-7650 <br>        **Defendant** | : <br> : <br> : <br> : <br> : | **NO.** |

## COMPLAINT AND REQUEST FOR INJUNCTION

**AND NOW**, comes the Plaintiff, Pocono Mountain Regional Police Department, hereinafter referred to as "PMRPD", by and through counsel, Harry T. Coleman, Esquire and hereby brings this action for breach of contract and injunctive relief against the Defendant Meriplex Solutions LLC (successor in interest to Systems Solution Inc.), and in support thereof sets forth the following:

### I.    JURISDICTION

1.    This action is authorized, initiated, founded upon, and arising under Pennsylvania law for a breach of contract.

2. The jurisdiction of this court is invoked pursuant to the provisions of 28 U.S.C. §1332 by virtue of the diversity of the parties.

3. The amount in controversy in this matter exceeds seventy-five thousand dollars ($75,000.00).

4. The breach of contract affecting plaintiff as alleged herein was committed within the Middle District of Pennsylvania.

## II.   FACTS

5. The Plaintiff, Pocono Mountain Regional Police Department, is an accredited Pennsylvania law enforcement agency located at 2454 PA-940, Pocono Summit, Monroe County, Pennsylvania.

6. Pocono Mountain Regional Police Department serves the Monroe County Communities of Coolbaugh Township, Mount Pocono Borough, Tobyhanna Township, Tunkhannock Township, and Barrett Townships.

7. The Plaintiff, Pocono Mountain Regional Police Department's Divisions, including the Criminal Investigations Division, K-9 Division, Narcotic Division, Patrol Division, Special Enforcement Division, and the SWAT Division, are responsible for law enforcement in an area consisting of approximately two hundred and thirty-eight (238) square miles in Monroe County, Pennsylvania.

8. The Defendant Meriplex Solutions LLC, successor in interest to Systems Solution Inc., is a foreign limited liability company organized under the laws of the State of Texas with its principal place of business located at P.O. Box 737650 Dallas, Texas 75373-7650.

9. At all times material hereto, the parties have been engaged in a service agreement/contract for services relating to the Information Technology needs of the Pocono Mountain Regional Police Department.

10. The parties originally entered a five-year service agreement/contract that covered a five-year period beginning on October 10, 2018, and ending on October 10, 2023. (See a copy of the original service agreement/contract/proposal attached hereto as Exhibit "A").

11. After signing the service agreement/contract/proposal, an on-boarding process began with SSi Senior Client Advisor, Debbie Deegan and their employee/technician, Ross Leisner.

12. Due to complications and difficulties with the on-boarding process, solely due to the conduct of defendant's predecessor company, SSi, the original start date of the service agreement/contract/proposal was moved from October 10, 2018, to February 10, 2019, with an end date of February 2024. (See a copy of the email received from Debie Deegan, Senior Client

Advisor directed to Kathy Matisak, Administrative Assistant for PMRPD attached hereto as Exhibit "B").

13. Consistent with the service agreement/contract/proposal date adjustment, PMRPD began making payments to SSi on February 8, 2019. (See a copy of the PMRPD Payment Ledger attached hereto as Exhibit "C").

14. Despite the various complications and violations of the service agreement/contract, as fully outlined below, PMRPD has faithfully continued to make payments to SSi up to and including October 20, 2023. (See a copy of the PMRPD Payment Ledger attached hereto as Exhibit "C").

15. Throughout the relevant period herein, PMRPD experienced continual technical and service difficulties with SSi that are fully set forth below.

16. From April 19, 2019, through October 9, 2023, one thousand six hundred and twenty-six (1,626) "tickets" (requests for services) were documented with SSi. (See a copy of the "tickets" attached hereto as Exhibit "D").

17. As a law enforcement agency, PMRPD is governed by federal and state law. Those requirements include but are not limited to being compliant with CHRIA (Criminal History Record Information Act) compliant. For reasons set forth below, SSi/Meriplex is prohibiting PMRPD from being

compliant with the CHRIA requirements and regulations. (See the relevant CHRIA information attached hereto as Exhibit "E")

18. PMRPD is also required by federal and state law to be CJIS (Criminal Justice Information Services) compliant in the handling and storage of all their information. (See a copy of the Section 9131, Title 18, PMRPD 2023 CLEAN Agreement, and PA AG CJIS Handbook attached hereto as Exhibit "F")

19. SSi/Meriplex was made aware, both verbally and electronically, of the CJIS compliance requirements. See Exhibit "A" attached hereto.

20. SSi, knowing that PMRPD is required to be CJIS compliant, held themselves out to be a CJIS compliant vendor when in fact they were not an approved CJIS compliant vendor.

21. Despite SSi being listed online as a CJIS compliant vendor it was later learned that their data center does not meet the CJIS requirements. The data center located in Philadelphia, Pennsylvania, where all the PMRPD data is currently being stored) is not CJIS compliant, despite being reassured by Michael Petrillo, that PMRPD data was in a CJIS compliant facility (a statement that was later retracted by Mr. Petrillo).

22. PMRPD was not aware of the CJIS non-compliance issue until late 2022 when SSi Engineer, Marc Meshurle advised PMRPD

administration that the data storage facility did not meet the compliance requirements.

23. SSi repeatedly advised that they were in the process of becoming CJIS compliant.

24. PMRPD, as of the time of this filing, remains in violation of federal law because of the non-compliant status of CJIS.

25. The only remedy available to PMRPD currently, to comply with the federal requirements they are subject to, as it concerns CJIS is to relocate all PMRPD's data to their premises as PMRPD is a CJIS compliant facility.

26. After various discussions with Mark Meshurle, the decided remedy was to relocate the data to the PMRPD facility. To date, PMPRD remains in a non-compliant status due to the refusal of SSi/Meriplex to provide the necessary information required to achieve this task.

27. To correct the ongoing issues, and as part of a Local Law Enforcement grant, PMRPD decided to build a new server so their data could be relocated to the PMRPD facility. This project, known as "ON PREM PROJECT" was designed by Marc Meshurle, who built the specifications for same and provided a quote to PMRPD that was approved.

28. As part of the Local Law Enforcement Grant, PMRPD was asked to obtain a revised quote from SSi in the event prices changed. This request was made in February of 2023.

29. SSi advised that the project needed to be redesigned and rebid. PMRPD expressed an urgency to get the updated quote as the non-compliance was impacting the grant funding available to PMRPD.

30. During each bi-weekly conference call PMRPD were told that there were source issues, and problems in the design, etc., that were causing delays. Month after month, PMRPD reiterated the loss of potential grant funding caused by the delays.

31. It was not until after May 2023 that PMPRD advised SSi that due to their failure to provide a timely quote for the "ON PREM PROJECT" PMRPD would be seeking quotes from other vendors.

32. To date, PMRPD still has not received the completed quote.

33. Due to the combination of delays, multiple baseless claims, unkept promises and the continuous decline in service, PMRPD decided not to renew their contract with SSi.

34. PMRPD exercised their opt-out option timely, on September 5, 2023, as set forth herein.

35. Based on the ongoing difficulty with SSi, including but not limited to the number of "tickets" and lack of compliance with CHRIA and CJIS, PMRPD lost all confidence in the competency of SSi/Meriplex and advised SSi on September 5, 2023, that they would not be renewing their service agreement/contract with SSi. (See the correspondence directed to SSi by MaryEllen Sands-Drost, Executive Assistant for PMRPD attached hereto as Exhibit "G").

36. As part of the original service agreement/contract, SSi was to be provided with PMRPD's decision of non-renewal within 120 days of the end date for the service agreement/contract.

37. PMRPD believes and maintains they complied with the 120-day requirement based on the revised start date of the service agreement/contract, of February 10, 2019. (See Exhibit "B" attached hereto).

38. As a result of the September 5, 2023, correspondence from PMRPD directed to SSi notifying them of their intent not to renew, Michael Petrillo, an employee of SSi, scheduled a Microsoft Teams call/conference titled "Pocono-offboarding" that was to be held on September 20, 2023.

39. As a result of that meeting, Jared Steckel forwarded an email directed to Steve Williams, confirming that as part of the "off-boarding"

process, SSi employee Michael Petrillo agreed to provide all requested information to PMRPD by October 2, 2023, and to schedule a follow-up meeting for October 18, 2023, to answer any further questions. (See a copy of the referenced e-mail attached hereto as Exhibit "H").

40. As a result of the September 20, 2023 "off-boarding" conference, it was agreed that PMRPD would be provided the following information that was vital to maintaining police operations, including:

  a. All PMRPD network Directory Service (Active Directory) administrative usernames and passwords. (Usernames and passwords for accounts which are members of the Domain Admins Active Directory security group).

  b. All PMRPD network software usernames, passwords, and license/key information.

  c. All PMRPD network equipment and firewall usernames and passwords.

  d. Information on retrieval procedures for copies of all PMRPD data, virtual machines, and configurations from SSI's MySecureCloud Product to portable or other local storage, or for secure electronic transfer.

  e. The PMRPD configuration, username and password information from the IT Glue software offered by SSI to PMRPD on the September 20, 2023, call. To date none of this information has been received.

  (See Exhibit "H" attached hereto).

41. The Defendant SSi, despite PMRPD's repeated efforts, have refused to supply the requested information because they maintain that PMRPD is not in compliance with the 120-day notice of non-renewal requirement. SSi maintains this belief based on the original start date for the service agreement/contract of October 10, 2018.

42. In addition to SSi/Meriplex's belief that PMRPD did not meet the notification terms with their Letter of Intent attached hereto, SSi/Meriplex claims that PMRPD is now locked into an "auto-renewed" additional thirty-six (36) month contract. The only (outrageous) remedy offered to rectify this ongoing issue was Michael Petrillo's assertion that perhaps a "buyout" figure could be negotiated.

43. SSi's determination that PMRPD is not in compliance with the 120-day notice of non-renewal requirement is directly contrary to Exhibit "B" attached hereto, the email from Debbie Deegan, Senior Client Advisor for

SSi that was directed to Kathy Matisak confirming the change of the start date for the service agreement/contract to February 10, 2019.

44. SSi's determination that PMRPD is not in compliance with the 120-day notice of non-renewal requirement is also directly contrary to Exhibit "C" attached hereto, the PMRPD Payment Ledger reflecting that payment to SSi began on February 8, 2019, and continues reflecting that no monies are owed SSi and in fact PMRPD is being harmed by the requirement to make additional payments. In fact, to date, SSi has been paid $587,005.43 for their sub-par services.

45. SSi's determination that PMRPD is not in compliance with the 120-day notice of non-renewal requirement is also directly contrary to Exhibit "G" attached hereto, the September 5, 2023, correspondence from Mary Ellen Sands, Executive Assistant for PRMPD directed to SSi advising of the decision of PMRPD not to renew the agreement for these services. This correspondence and notice are well within the 120-day requirement based on the February 10, 2019; revised start date as reflected in Exhibit "B."

46. SSi's determination that PMRPD is not in compliance with the 120-day notice of non-renewal requirement is further directly contrary to Exhibit "H" attached hereto, the email exchanged between Jared Steckel and Steve Williams, confirming that Michael Petrillo agreed to provide the

PMRPD information that was requested and required to complete the off-boarding process.

47. SSi's refusal to provide the requested information and data, that is the property of PMRPD, has caused and continues to cause irreparable harm and safety concerns for not only PMRPD but for the citizens of Monroe County, specifically the citizens of Coolbaugh Township, Mount Pocono Borough, Tobyhanna Township, Tunkhannock Township, and Barrett Townships.

48. SSi's refusal to provide the requested information and data, that is the property of PMRPD, has prohibited the transfer of the information required for Computing Technologies, LLC (CTL), the new IT provider retained by PMRPD, to begin the on-boarding process.

49. SSi's refusal to provide the requested information and data, that is the property of PMRPD, has prohibited their forty-four (44) uniformed officers and six (6) non-uniform officers access to the complete information required to complete various tasks, especially as it concerts the CHRIA system. (See Exhibit "E" attached hereto)

50. Meriplex became the successor entity through its purchase of SSi.

51. Due to the actions of SSi/Meriplex, PMRPD remains out of compliance with federal and state law as it concerns both the CHRIA and CJIS requirements.

52. In addition, PMRPD has been unable to relocate their information back to their premises, as outlined above.

53. Using approved grant funds to relocate the information is entirely contingent upon the successful off-boarding by SSi and the on-boarding by CTL.

54. PMRPD's operation, including but not limited to, body cams, in-car cameras, remote desktop systems etc. is affected by these unacceptable delays and stall tactics. The fact that PMRPD has been in violation of CHRIA (Criminal History Record Information Act) and CJIS for the span of five years cannot be repaired.

55. In addition, the grant period ends on December 31, 2024. Approved equipment line items and monthly recurring costs that are grant reimbursable expenses are not able to be submitted because the project has been derailed/prevented by SSi/Meriplex. In effect, SSi/Meriplex has caused PMRPD to lose the period of January 1, 2023, through today's date to enhance the department with the funding offered by the Local Law

Enforcement Grant. (See the relevant Grant information attached hereto as Exhibit "I")

56. PMRPD is still not in possession of their administrative passwords required to effectuate necessary, immediate changes in their computer systems such as software updates, minor IT issues, purging data, restoring memory, and most importantly to come into compliance with CHRIA and CJIS regulations and requirements.

57. The purpose of having an IT service provider is to attend to these issues, but SSi/Meriplex has been unresponsive, thereby compromising PMRPD's abilities in certain circumstances.

58. The lack of response time from SSi/Meriplex has caused PMRPD to reallocate manpower to address these occurrence and concerns.

59. Countless hours have been spent by administration, detectives, and officers trying to intervene in the absence of competent, timely responses from SSi.

60. Most importantly, due to the above stated difficulties and harm being caused by SSi/Meriplex, PMRPD continues to be in violation of the CHRIA and CJIS regulations and requirements.

61. PMRPD cannot have an officer locked out of vital data while on the road trying to patrol and protect the citizens of their jurisdiction. This

presents a clear and immediate danger to the PMRPD patrol officers and the citizens they are protecting.

62. The refusal of SSi/Meriplex to comply with PMRPD's request for the return of their intellectual property is also taxing their resources.

63. The financial loss of potential grant funds is detrimental to the department and its operations.

64. The obstacles fully set forth above are stalling the department's ability to take full advantage of the grant funds and have all contributed to the department's loss of faith in the competency of SSi/Meriplex.

65. The actions of SSi/Meriplex have deprived PMRPD and its administration from operating the department at peak performance and efficiency.

66. It is clear from the above that the Plaintiff will continue to suffer continuing, dangerous and irreparable harm by not receiving the relief requested.

67. The Defendant will not suffer any continuing harm. To the contrary, PMRPD and the residents of Monroe County, specifically the residents of Coolbaugh Township, Mount Pocono Borough, Tobyhanna Township, Tunkhannock Township, and Barrett Townships are being and will

continue to be harmed by the lack of access to critical information, resulting to an increased risk of harm.

68.  Plaintiff's right to relief is clear.

## COUNT I
## BREACH OF CONTRACT

69.  Plaintiff, PMRPD incorporates by reference paragraphs one through sixty-eight of this Complaint.

70.  The Defendant has not lived up to its obligations under the contract and thus breached the contract as alleged hereinabove.

71.  Defendant failed to remedy such brief despite proper demands, therefore.

72.  Plaintiff PMRPD has fulfilled all conditions precedent to its right to recover damages.

WHEREFORE, the Plaintiff requests that this Honorable Court invoke its power, and issue an Order immediately compelling the Defendant to provide all the PMRPD information and data owned and requested by them that is required to fully restore PMRPD IT operations and bring them in compliance with all federal and state law, including:

(a) All PMRPD network Directory Service (Active Directory) administrative usernames and passwords. (Usernames and

passwords for accounts which are members of the Domain Admins Active Directory security group).

(b) All PMRPD network software usernames, passwords, and license/key information.

(c) All PMRPD network equipment and firewall usernames and passwords.

(d) Information on retrieval procedures for copies of all PMRPD data, virtual machines, and configurations from SSI's MySecureCloud Product to portable or other local storage, or for secure electronic transfer.

(e) The PMRPD configuration, username and password information from the IT Glue software offered by SSI to PMRPD on the September 20, 2023, call.

(f) Declare the contract between PMRPD and SSI Meriplex void as PMRPD timely opted out of the contract.

                                            Respectfully submitted,

Dated: November 10, 2023        LAW OFFICE OF HARRY T. COLEMAN

                                            By:   /s/ Harry T. Coleman
                                                  Harry T. Coleman, Esquire
                                                  Attorney ID.:  49137
                                                  41 N. Main Street, Suite 316

Carbondale, PA  18407
570-282-7440
570-282-7606, fax
Harry@harrycolemanlaw.com